676 F.2d 28
 110 L.R.R.M. (BNA) 2090, 4 Ed. Law Rep. 14
 BUFFALO TEACHERS FEDERATION, INC., Plaintiff-Appellant,
v.
Robert D. HELSBY, Joseph R. Crowley and Ida Klaus, as
Members of the New York State Public Employment
Relations Board, Defendants-Appellees.
 No. 765, Docket 81-7405.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 24, 1982.
Decided April 1, 1982.
 
 Mady Gilson, Washington, D. C. (Bredhoff & Kaiser, Robert H. Chanin, Washington, D. C., of counsel), for plaintiff-appellant.
 Richard G. Liskov, Asst. Atty. Gen. of the State of New York, New York City (Robert Abrams, Atty. Gen. of the State of N. Y., Stanley A. Camhi, Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, and VAN GRAAFEILAND and MESKILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Buffalo Teachers Federation, Inc. (BTF), appeals from dismissal of its complaint against the chairman, Robert D. Helsby, and two members, Joseph Crowley and Ida Klaus, of New York's Public Employment Relations Board (PERB). The complaint under 42 U.S.C. § 1983 sought declaratory and injunctive relief on the ground that the dues checkoff forfeiture provision of New York's Public Employees' Fair Employment Act (the Act), N.Y.Civ.Serv.Law § 210 (McKinney 1973 & Supp. 1981-1982), denied appellant the equal protection of the laws. After a non-jury trial in the United States District Court for the Southern District of New York, Judge John M. Cannella dismissed the complaint for reasons set forth in a carefully reasoned opinion, familiarity with which will be assumed. The opinion is reported at 515 F.Supp. 215 (S.D.N.Y.1981).
 
 
 2
 The statutory scheme at issue here, commonly known as the Taylor Law, has been described in detail in the companion case of Shanker v. Helsby, --- F.2d ---- at ---- (2d Cir., 1982). Appellant in this case attacks the dues checkoff forfeiture provisions, both on their face and as applied, because an allegedly arbitrary distinction has been drawn between employee organizations under PERB's jurisdiction and those under the jurisdiction of mini-PERBs. As the district judge found, appellant was subjected to the dues checkoff forfeiture sanction after PERB found that appellant had engaged in an unauthorized 14-day strike in September 1976, its second since the enactment of the Taylor Law. Buffalo Teachers Federation, Inc. v. Helsby, 515 F.Supp. at 216-17.
 
 
 3
 Under section 210.3(f) of the Act, PERB "shall order forfeiture" of the dues checkoff privilege once it determines that a violation has occurred. By contrast, as the district judge noted, a mini-PERB "may" impose the forfeiture penalty under its substantially equivalent procedures once it finds a violation. Buffalo Teachers Federation, Inc. v. Helsby, 515 F.Supp. at 220. In the alternative, a court "may" revoke the dues checkoff privilege if it finds an employee organization in contempt of court. N.Y.Jud.Law § 751.2(a). Appellant argues that the statute is discriminatory on its face because once a violation is found, the provisions make imposition of the penalty mandatory for employee organizations under PERB's jurisdiction and discretionary for those under mini-PERBs' jurisdiction.
 
 
 4
 In fact, PERB has imposed the dues checkoff forfeiture penalty in approximately 96% of the cases in which it has found a violation.[1] By contrast, as appellant argued below, mini-PERBs have ordered forfeiture of the dues checkoff privilege in approximately 28.6% of the cases in which a violation of the no-strike prohibition was found.[2] Appellant therefore further urges that, as applied, this framework discriminates against it in violation of the Equal Protection Clause.
 
 
 5
 Both of these claims must be rejected. Because appellant neither qualifies as a suspect class nor asserts a fundamental interest, the challenged legislation will pass muster if it is " 'rationally related to furthering a legitimate state interest.' " Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979) (quoting Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976)); Civil Service Employees Association, Inc. v. Helsby, 439 F.Supp. 1272, 1276-77 (S.D.N.Y.1977). In reviewing the challenged provisions, we must keep in mind that "although this rational-basis standard is 'not a toothless one,' Mathews v. Lucas, 427 U.S. 495, 510, 96 S.Ct. 2755, 2764, 49 L.Ed.2d 651 (1976), it does not allow us to substitute our personal notions of good public policy for those of (the legislature)...." Schweiker v. Wilson, 450 U.S. 221, 234, 101 S.Ct. 1074, 1082, 67 L.Ed.2d 186 (1981).
 
 
 6
 The classification here clearly has a rational basis. In enacting the Taylor Law, the New York legislature faced the choice of creating either a uniform statewide system or a decentralized scheme to regulate public employee relations. The legislature could reasonably have determined that local autonomy would play an important role in fostering harmonious labor relations. See McHugh, New York's Experiment in Public Employee Relations: The Public Employees' Fair Employment Act, 32 Albany L.Rev. 58, 81-82 (1967). Particularly in light of the experimental nature of the Act, id. at 59, 95; King, The Taylor Act-Experiment in Public Employer-Employee Relations, 20 Syracuse L.Rev. 1, 1 (1968), the distinction drawn here can not be deemed an arbitrary or irrational one.
 
 
 7
 Moreover, we find that the procedures employed by PERB and mini-PERBs, although not identical, are substantially equivalent, especially since PERB must administratively determine that such equivalence exists before any mini-PERB is created. Department of Civil Service Rules and Regulations, Public Employment Relations Board, ch. VII, §§ 203.1-.8 (McKinney 1973). Because we find this substantial equivalence enough to satisfy the highly deferential standard of review employed here, we need not reach the state law question of whether different statutory language was employed simply to achieve stylistic consistency in separate statutory sections, as Judge Cannella held. In any event, assuming arguendo that the statutory language does create different standards, we would nevertheless find that the distinctions were a justifiable means of achieving greater local discretion and flexibility.
 
 
 8
 Although this system has produced disparate results for unions under PERB's jurisdiction and those under the jurisdiction of mini-PERBS, we can not find that the provisions have been applied in a discriminatory fashion against appellant. PERB, by imposing the sanction in approximately 96% of the cases before it, has treated employee organizations under its jurisdiction in an evenhanded fashion. PERB certainly can not be faulted for applying the penalty to appellant in this case, for the strike called was an unusually long and serious one. The mini-PERBs apparently have not dealt unfairly with those organizations under their jurisdiction, for as the district court found, appellant neither contended nor introduced evidence that they had applied the penalty provisions in a discriminatory fashion. Shanker v. Helsby, 515 F.Supp. at 222 n.16. That different administrative bodies mete out disparate penalties can not, standing alone, constitute an equal protection violation. Appellant has nowhere demonstrated any invidious intent in the creation or operation of separate administrative agencies, and its claim of discriminatory application must therefore fail. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944); see DiMaggio v. Brown, 19 N.Y.2d 283, 289-91, 279 N.Y.S.2d 161, 225 N.E.2d 871 (1967) (discriminatory intent must be shown to establish equal protection violation based on allegedly discriminatory application of Condon-Wadlin Act).
 
 
 9
 We therefore affirm the judgment of the district court.
 
 
 
 [1]
 Presumably, the penalty has been utilized in fewer than 100% of the cases because under an unwritten internal policy, PERB will not impose the sanction when it finds that the circumstances of the case warrant less than a three-month suspension of the dues checkoff procedure. Buffalo Teachers Federation, Inc. v. Helsby, 515 F.Supp. at 219 n.7
 
 
 [2]
 Appellant in both the district court and this court has argued that the statistical disparity is even more pronounced because the relevant comparison is between the figures for PERB and those for both mini-PERBs and the Office of Collective Bargaining (OCB) combined. We have already reviewed at some length the enforcement pattern for employee organizations under OCB's jurisdiction and held it constitutionally acceptable in the companion case of Shanker v. Helsby, No. 81-7402, at ----. We will therefore focus here on the treatment of employee organizations under mini-PERBs' jurisdiction. In any event, whether the statistical comparison is between PERB and mini-PERBs alone or between PERB and both mini-PERBs and OCB, we would hold the enforcement scheme constitutionally valid for the reasons set forth in the text and in Shanker